**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOHN ROBERT HILL** and
**AVEIS DARRYL HARRIS-BURTON**

Case No.: 26-cv-11303
Hon. Brandy R. McMillion
Magis. Curtis Ivy, Jr

Plaintiff,

v.

**CITY OF DETROIT, LATIFA ALASAD-CRAIG, WILLIAM VINTIVOGEL, CAMERON BURKS, BRANDON BYAS, JEFFREY GOINS, RYAN POLKAKOWSKI,** and **JOHN MACKENZIE,**

Defendants.

---

**EDWARD MARTELL (P85051)**
**MOHAMMED NASSER (P74485)**
**NOT GUILTY LAW, PLLC**
Attorneys for Plaintiffs
290 Town Center Dr., Ste. 322
Dearborn, MI 48126
(313) 633-1436
em@mrnotguilty.law
mn@mrnotguilty.law

**CALVERT BAILEY (P42409)**
**ALFRED ASHU (P82536)**
**CITY OF DETROIT LAW DEPARTMENT**
Attorneys for Defendants
Coleman A. Young Municipal Center
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004
Bailc@detroitmi.gov
Alfreda@detroitmi.gov

---

# DEFENDANTS CAMERON BURKS, BRANDON BYAS, JEFFREY GOINS, RYAN POLKAKOWSKI AND WILLIAM VINTIVOGEL'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT, RELIANCE ON JURY DEMAND, DEMAND FOR COMPULSORY JOINDER OF CLAIMS, AND AFFIRMATIVE AND SPECIAL DEFENSES

**NOW COME**, Defendants Cameron Burks, Brandon Byas, Jeffrey Goins, Ryan Polkakowski and William Vintivogel, by and through their attorney, Alfred A. Ashu, and for their Amended Answer to Plaintiffs' Complaint, Reliance on Jury Demand, Demand for Compulsory Joinder of All Claims, and Notice of Special and Affirmative Defenses, states as follows:

## INTRODUCTION

**Plaintiffs' Complaint contains two separate sections in which the allegations are numbered 1 through 5. Unless otherwise indicated, Defendant's responses in this section are directed to the allegations contained in the first section of the Complaint numbered 1 through 5. Responses to the allegations contained in the second section numbered 1 through 5 are set forth separately below.**

1. Answering paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
2. Answering paragraph 2, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
3. Answering paragraph 3, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
4. Answering paragraph 4, Defendant denies the allegations contained in Paragraph 4, including, without limitation, the allegation that any misconduct occurred, that

the conduct alleged reflects a pattern, practice, or custom within the Detroit Police Department, that Defendant failed to train, supervise, or discipline its officers, that Defendant acted with deliberate indifference, or that unconstitutional stops, excessive force, or meritless prosecutions have been permitted to persist. Except as expressly admitted herein, the allegations of Paragraph 4 are denied.

5. Answering paragraph 5, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

## JURISDICTION AND VENUE

**Plaintiffs' Complaint contains two separate sections in which the allegations are numbered 1 through 5. Unless otherwise indicated, Defendant's responses in this section are directed to the allegations contained in the second section of the Complaint numbered 1 through 5. Responses to the allegations contained in the first section numbered 1 through 5 are set forth separately herein.**

1. Answering paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

2. Answering paragraph 2, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof

thereof.

## PARTIES

3. Answering paragraph 3, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
4. Answering paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
5. Answering paragraph 5, Defendants admit that the City of Detroit is a municipal corporation organized under the laws of the State of Michigan. Defendant further admits that the Detroit Police Department is a department of the City of Detroit. Defendant denies the remaining allegations contained in Paragraph 5, including any allegation that may be construed as imposing liability upon the City beyond that provided by applicable law. Except as expressly admitted herein, the allegations of Paragraph 5 are denied.
6. Answering paragraph 6, Defendants admit.
7. Answering paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a

belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

## FACTUAL ALLEGATIONS

8. Answering paragraph 8, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

9. Answering paragraph 9, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

10. Answering paragraph 10, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

11. Answering paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

12. Answering paragraph 12, Defendants neither admit nor deny the allegations

contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

13. Answering paragraph 13, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

14. Answering paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

15. Answering paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

## COUNT I: EXCESSIVE FORCE (42 U.S.C § 1983 & FOURTH AMENDMENT)

16. Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

17. Answering paragraph 17, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

18. Answering paragraph 18, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

19. Answering paragraph 19, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

20. Answering paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

21. Answering paragraph 21, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

22. Answering paragraph 22, Defendants neither admit nor deny the allegations

contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

**WHEREFORE**, Defendants respectfully demand that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

**COUNT II: FAILURE TO INTERVENE (42 U.S.C § 1983 – BYSTANDER LIABILITY)**

24. Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

25. Answering Paragraph 25 of the Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

26. Answering paragraph 26, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

27. Answering paragraph 27, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

28. Answering paragraph 28, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

29. Answering paragraph 29, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

**WHEREFORE**, Defendants respectfully demand that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

## COUNT III: UNLAWFUL ARREST & FALSE IMPRISONMENT (42 U.S.C § 1983 & MICHIGAN LAW)

30. Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

31. Answering Paragraph 31, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.
32. Answering paragraph 32, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
33. Answering paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
34. Answering paragraph 34, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.
35. Answering paragraph 35, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

**WHEREFORE**, Defendants respectfully demand that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

**COUNT IV: MONELL CLAIM (MUNICIPAL LIABILITY - CITY OF DETROIT & DPD**

36. Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

37. Answering Paragraph 37, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

38. Answering Paragraph 38, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

39. Answering Paragraph 39, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

40. Answering Paragraph 40, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a

belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

41. Answering Paragraph 41, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

**<u>COUNT VI: NEGLIGENCE/GROSS NEGLIGENCE (MICHIGAN LAW)</u>**

42. Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

43. Answering paragraph 43, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

44. Answering paragraph 44, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

45. Answering paragraph 45, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof

thereof.

46. Answering paragraph 46, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

47. Answering paragraph 47, Defendants neither admit nor deny the allegations contained therein for lack of knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, leave Plaintiffs to proof thereof.

**WHEREFORE**, Defendants respectfully demand that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

Respectfully submitted

/s/ *Alfred Ashu*
Alfred A. Ashu (P82536)
Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226

Dated: July 10, 2026

## RELIANCE ON JURY DEMAND

**NOW COME** Defendants**,** by and through their attorney, **ALFRED A. ASHU**, and hereby gives notice of its reliance on Plaintiffs' Jury Demand.

Respectfully submitted

/s/ *Alfred Ashu*
Alfred A. Ashu (P82536)
Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226

Dated: July 10, 2026

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

**NOW COME** Defendant**s**, by and through their attorney, **ALFRED A. ASHU** and demands that Plaintiffs join any and all claims arising out of the transactions, acts, or occurrences, allegedly giving rise to the present action.

Respectfully submitted

/s/ *Alfred Ashu*
Alfred A. Ashu (P82536)
Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226

Dated: July 10, 2026

## NOTICE OF SPECIAL AND AFFIRMATIVE DEFENSES

**NOW COME** Defendant**s**, by their undersigned counsel, and sets forth its Special and Affirmative Defenses as follows:

For purposes of these Special and Affirmative Defenses, the term **"Plaintiff"** refers individually and collectively to each Plaintiff named in the Complaint, as the context requires.

1. The individually named Defendants are entitled to qualified immunity from Plaintiff's federal claims because their conduct did not violate any clearly established constitutional right of which a reasonable officer would have known. At all relevant times, Defendants acted in an objectively reasonable manner under the circumstances.

2. The individually named Defendants are entitled to governmental immunity from Plaintiff's state-law intentional tort claims pursuant to MCL 691.1407, et seq., because:

    a. the alleged acts were undertaken during the course of their employment and within, or with the reasonable belief that they were within, the scope of their authority;
    b. they acted in good faith and without malice; and
    c. their actions involved the exercise of discretionary, rather than ministerial, duties.

3. Plaintiff has failed to state a claim upon which relief may be granted.

4. Plaintiff has failed to mitigate alleged damages.

5. This Court is, or may be, without jurisdiction over some or all of Plaintiff's claims.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

8. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust applicable statutory, administrative, or other available remedies.

9. Plaintiff has failed to join all necessary legal or equitable claims arising out of the transaction or occurrence that is the subject matter of this action.

10. At all relevant times, Defendants were duly appointed and acting police officers employed by the City of Detroit and peace officers of the State of Michigan and were acting in the performance of their assigned law enforcement duties.

11. Any alleged search, seizure, detention, arrest, or use of force by Defendants was lawful, reasonable, and objectively justified under the totality of the circumstances, and was supported by probable cause, reasonable suspicion, or other lawful justification where applicable.

12. Any force used by Defendants was reasonable and necessary under the circumstances, was employed in the lawful performance of police duties, and did not violate Plaintiff's constitutional rights.

13. Plaintiff's failure-to-intervene claim fails because Defendants did not observe or have reason to know that any constitutional violation was occurring and did not have a realistic opportunity to prevent any alleged violation.

14. Plaintiff's claims for unlawful arrest and/or false imprisonment fail because Defendants had probable cause, reasonable suspicion, or other lawful justification to detain and/or arrest Plaintiff under the circumstances known to Defendants at the time.

15. Plaintiff's negligence and gross negligence claims are barred, in whole or in part, because Defendants' conduct was lawful, privileged, and protected by governmental immunity. To the extent Plaintiff's claims arise from intentional police conduct, such claims are barred because the gravamen of the claims is an intentional tort.

16. Plaintiff's alleged injuries and damages, if any, were caused, in whole or in part, by Plaintiff's own acts, omissions, negligence, wrongful conduct, resistance to lawful police authority, or failure to exercise reasonable care.

17. Plaintiff has failed to plead facts sufficient to establish any exception to governmental immunity or otherwise plead a claim in avoidance of governmental immunity.

18. Defendants reserve the right to assert additional affirmative or special defenses that may become available through discovery or otherwise.

**WHEREFORE** Defendants respectfully request that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendants.

## RESERVATION OF AFFIRMATIVE DEFENSES

1. Defendants, by and through undersigned counsel, without waiving any deficiencies or omissions in any pleadings filed by any party, hereby reserves the right to assert any additional affirmative or special defenses that may become available through discovery or otherwise, in accordance with the applicable rules and procedures of this Court.

Respectfully submitted

/s/ *Alfred Ashu*
Alfred A. Ashu (P82536)
Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226

Dated: July 10, 2026

## CERTIFICATION OF SERVICE

The undersigned certifies that on July 10, 2026, the foregoing papers were served upon counsel of record by eservice. I declare that the statements above are true to the best of my knowledge, information, and belief.

/s/ *Alfred Ashu*
Alfred A. Ashu