**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOHN ROBERT HILL** and
**AVEIS DARRYL RODGERS-BURTON**

Plaintiff,

v.

Case No.: 26-cv-11303
Hon. Brandy R. McMillion
Magistrate Curtis Ivy, Jr

**CITY OF DETROIT, LATIFA ALASAD-CRAIG,**
**WILLIAM VINTIVOGEL, CAMERON BURKS, BRANDON BYAS,**
**JEFFREY GOINS, RYAN POLKAKOWSKI,**
and **JOHN MACKENZIE,**

Defendants.

---

**EDWARD MARTELL (P-85051)**
**MOHAMMED NASSER (P74485)**
**NOT GUILTY LAW, PLLC**
Attorneys for Plaintiffs
290 Town Center Dr., Ste. 322
Dearborn, MI 48126
(313) 633-1436
em@mrnotguilty.law
mn@mrnotguilty.law

**CALVERT BAILEY (P-42409)**
**ALFRED ASHU (P-82536)**
**CITY OF DETROIT LAW DEPARTMENT**
Attorneys for Defendants
Coleman A. Young Municipal Center
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004
Bailc@detroitmi.gov
Alfreda@detroitmi.gov

---

# JOINT DISCOVERY PLAN

**NOW COME** the parties, by and through their respective attorneys, and for their *Joint Discovery Plan* in accordance with Fed. R. Civ. P. 26(f) and the Court's

*Notice of Requirements for Submission of Joint Discovery Plan*, hereby submit the following:

## I. BRIEF SUMMARY OF THE CASE AND SUBJECT MATTER:

**(A)Plaintiff's Summary:**

Plaintiffs allege the violation of Plaintiffs' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and rights secured under Michigan law. More specifically, Plaintiffs allege that, on August 16, 2023, without reasonable suspicion or probable cause, Defendants unlawfully detained and accosted Plaintiffs with excessive force, including the discharge of a taser against Plaintiff Hill and the forcible removal and throwing of Plaintiff Rogers-Burton to the ground from the vehicle he occupied. Defendants are not entitled to qualified immunity for their actions, because their actions are violations of Plaintiffs' constitutional rights.

Moreover, Plaintiffs allege that Defendant City of Detroit's failure to adequately train its officers on constitutional limits on searches, seizures and appropriate use of force on unarmed, non-resisting individuals, as well as Defendant's failure to supervise and discipline officers engaged in misconduct, constitute deliberate indifference to the rights of residents of Detroit. These failures were the moving force behind the constitutional violations suffered by Plaintiffs.

Plaintiffs further allege that Defendants, as law enforcement officers, acted with

gross negligence in the performance of their duties, resulting in physical, emotional, and financial harm to Plaintiffs.

**(B)Defendants' Position:**

Defendants deny Plaintiff's claims of wrongdoing. Specifically, probable cause existed to arrest and/or detain Plaintiff. Defendants further assert that, to the extent any force was used against Plaintiff, such force was no more than reasonably necessary to effectuate the arrest and/or detention. Defendant police officers are entitled to qualified immunity on Plaintiffs' Fourth Amendment claims because Defendants did not violate any of Plaintiff's clearly established constitutional rights. Defendant Officers are also entitled to governmental/Odom immunity on Plaintiff's state law claims.

Lastly, Plaintiff has asserted a Monell claim against the City of Detroit. The City of Detroit did not have a policy or procedure that was the moving force behind the alleged constitutional violations stated in Plaintiffs' Complaint.

## II. SUBJECT MATTER JURISDICTION:

Jurisdiction is uncontested. Jurisdiction is based on federal question jurisdiction as contemplated by 28 U.S.C. § 1331, which extends jurisdiction of all civil actions arising under the "constitution, laws and treaties of the United States" to federal courts. The federal law at issue in this instant is 42 U.S.C. § 1983 as alleged in Plaintiff's Complaint.

## III. AMENDMENT TO THE PLEADINGS:

As of the date of this writing, the parties are not aware of the need to amend the pleadings. However, they will seek to amend the pleadings if the need for same arises during discovery.

## IV. PROPOSED DISCOVERY MANAGEMENT PLAN:

The parties request (**6**) months of discovery and propose the following Scheduling Order dates:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | August 20, 2026 |
| Amendment of Pleadings and Addition of Parties | August 31, 2026 |
| Rule 26(a)(2) Proponent Expert Disclosures | November 4, 2026 |
| Rule 26(a)(2) Rebuttal Expert Disclosures | November 23, 2026 |
| Exchange Witness List | On or before November 30, 2026 |
| Fact Discovery Cutoff | January 29, 2027 |
| Dispositive Motions and Challenges to Experts | March 5, 2027 |
| Rule 26(a)(3) Pretrial Disclosures | To be set by the Court based on trial date |
| Motions *in Limine* | To be set by the Court based on trial date |
| Final Pretrial Order | To be set by the Court based on trial date |
| Final Pretrial Conference | To be set by the Court based on trial date |
| Trial Date | To be set by the Court |
| Estimated Length of Trial | 6 full trial days |

The parties are currently unaware of any issues regarding the preservation of electronically stored information.

## V. PROPOSED DISCOVERY:

The parties will exchange Initial Disclosures and anticipate exchanging written discovery requests as the litigation proceeds. Moreover, the depositions of the parties will be taken as well as other relevant witnesses and the parties' experts retained (if any) are also anticipated including, but not limited to, any IME doctors.

## VI. RELATIONSHIP TO OTHER CASES:

There is no related action currently pending. There were previously two related criminal cases in the 36th District Court, Case Nos. 23-058511-01 and 23-058511-02, before the Honorable Aliyah Sabree, which were dismissed without prejudice.

## VII. ANTICIPATED MOTIONS / OUTSTANDING OR ANTICIPATED DISCOVERY DISPUTES:

To the parties' knowledge, there are no outstanding or anticipated discovery disputes. Defendants expect to file a motion for summary judgment at the close of discovery relating to Qualified Immunity.

## VIII. ASSERTIONS OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION:

The parties do not anticipate any issues at this time, but they agree upon written notification by the producing party to the receiving party, any item subject to a claim of privilege or work-product shall be segregated by the receiving party. The producing party will have an opportunity to request a retraction or provide other instructions as to the disposition of the items, which the receiving party will make

reasonable efforts to comply therewith without court intervention. Ultimately, any disputes that cannot be resolved will be addressed by the Court.

## IX. DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION:

The parties agree that they will preserve all relevant electronically stored information, including all metadata associated therewith, within their custody and/or control in accordance with applicable court rules and governing case law. The parties further agree to produce for inspection and/or copying any relevant, non-privileged information that is electronically stored in response to a discovery request or if required by mandatory disclosure. The information may be produced in either written or electronic format, at the discretion of the disclosing party, with the exception of video and audio recording which shall be produced for inspection and/or coping in an electronic format.

## X. ALTERNATIVE DISPUTE RESOLUTION:

The parties are agreeable to discussing voluntary, non-binding facilitation as early as practicable, to avoid unnecessary expense and delay in the discovery process.

## XI. ESTIMATED TRIAL LENGTH:

Plaintiff estimates that the length of trial will be 3 days.

Defendants estimate that the length of trial will be 3 days.

Respectfully submitted,

**EDWARD MARTELL (P85051)**
**NOT GUILTY LAW, PLLC**
Attorneys for Plaintiffs
290 Town Center Dr., Ste. 322
Dearborn, MI 48126

**ALFRED ASHU (P82536)**
**CITY OF DETROIT LAW DEPT.**
Attorneys for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226